

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00260-CR

Carlos **MIRELES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-9900
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice
Concurring Opinion by:  Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  March 27, 2013

AFFIRMED

A jury found appellant guilty on three counts of aggravated sexual assault of a child (his

daughter) and assessed punishment at life in prison.  In four issues on appeal, appellant asserts

the trial court erred by admitting certain evidence at trial and by denying him the right to cross-

examine the complainant[1] and the complainant's mother about the complainant's MySpace page.[2] We affirm.

## ADMISSION OF CRIMINAL RECORD

In his first issue, appellant asserts the trial court erred by admitting into evidence his criminal records in two prior felony convictions. Appellant was convicted of possession of a controlled substance on March 5, 1998. He was sentenced to three years' confinement for this offense, and released from prison in November 2000. During a time period when appellant was on parole for the first offense, he was arrested a second time for possession of a controlled substance. He was convicted for this second offense on October 12, 1999, and released from parole in July 2002. Appellant's underlying trial in his aggravated sexual assault case commenced in March 2012.

On appeal, appellant asserts the State's use of these prior convictions to impeach him violated Texas Rule of Evidence 609 and the test set forth in *Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1992). We review a trial court's decision regarding the admission of evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). However, evidence of past crimes may be used to attack the credibility of a witness. TEX. R. EVID. 609(a).

---

[1] For the protection of the identity of the minor child, the child-complainant will be referred to as "complainant" and other adults by their first name only.

[2] On appeal, appellant incorrectly refers to a Facebook page.

Evidence "that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party." *Id.* Evidence of a conviction under Rule 609(a) "is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." TEX. R. EVID. 609(b). As the proponent of impeachment evidence pursuant to Rule 609, the State had the burden of demonstrating the admissibility of the past convictions. *Theus*, 845 S.W.2d at 880.

Remote convictions are generally inadmissible because we presume that a witness is capable of rehabilitation and that his character has reformed over a period of law-abiding conduct. *Morris v. State*, 67 S.W.3d 257, 263 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). We may find, however, that, although a prior conviction is more than ten years old, later convictions for felonies or misdemeanors involving moral turpitude remove the taint of remoteness from the prior conviction. *Id.* In that situation, we apply the Rule 609(a) "outweigh" standard—instead of Rule 609(b)'s "substantially outweigh" standard—because "the 'tacking' of the intervening convictions renders convictions more than 10 years old no longer remote." *Id.* "[I]ntervening convictions for felonies or crimes of moral turpitude demonstrate a lack of reformation, attenuating the possible prejudice interposed by a distant conviction." *Id.*

Here, appellant was released from parole for his 1999 conviction in July 2002, and the underlying trial commenced in March 2012. Under Rule 609(a), our review of the trial court's decision to admit this evidence must consider whether the probative value of this conviction

"outweighs" any prejudicial effect. TEX. R. EVID. 609(a). On the other hand, appellant's 1998 conviction for possession of a controlled substance is outside the ten-year period specified in Rule 609 because he was released from prison in November 2000, and the underlying trial commenced in March 2012. However, we conclude appellant's intervening 1999 felony conviction removed the taint of remoteness from the 1998 conviction, both of which were for similar offenses, the 1999 offense committed while appellant was on parole for the 1998 offense. Therefore, we also apply the Rule 609(a) "outweigh" standard to determine whether admission of this conviction was proper. In *Theus*, the Court of Criminal Appeals set out a non-exclusive list of factors courts should use when applying Rule 609(a) to weigh the probative value of a conviction against its prejudicial effect. Such factors include (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the defendant's subsequent history, (3) the similarity between the past crime and the charged offense, (4) the importance of the defendant's testimony, and (5) the importance of the defendant's credibility. 845 S.W.2d at 880.

"The impeachment value of crimes involving deception is higher than crimes that involve violence, and the latter have a higher potential for prejudice." *Id.* at 881. "Therefore, when a party seeks to impeach a witness with evidence of a crime that relates more to deception than not, the first factor weighs in favor of admission." *Id.* Neither of appellant's prior convictions involves a crime of violence or untruthfulness. Therefore, the first *Theus* factor weighs against admitting the prior convictions.

We next consider the temporal proximity of appellant's past crimes, the second *Theus* factor, to the charged offense and his subsequent criminal history. We must consider whether appellant's past crimes are recent and whether he has demonstrated a propensity for running afoul of the law. *Id.* The two convictions occurred in 1998 and 1999. He completed his

sentence in both by 2002. The record does not contain evidence of any other subsequent offenses. The ten-year lapse between these convictions and the present offense and the lack of subsequent convictions weigh against admitting the prior convictions.

In cases where a defendant's past crimes are similar to the charged offense, the third *Theus* factor will militate against admission. *Id.* "The rationale behind this is that the admission for impeachment purposes of a crime similar to the crime charged presents a situation where the jury would convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense." *Id.* Here, there is no similarity between convictions for possession of a controlled substance and aggravated sexual assault of a child; therefore, this factor weighs in favor of admitting the prior convictions.

Finally, we focus on the importance of appellant's testimony and credibility, the fourth and fifth *Theus* factors, both of which depend on the nature of a defendant's defense and the means available to prove that defense. *Id.* Appellant's testimony was important because he denied any inappropriate behavior with the complainant, in fact, he denied ever being alone with the complainant. A defendant should generally have the right to testify without being impeached by remote prior convictions. However, when a case boils down to a "he said-she said," such as here, the importance of the defendant's credibility and testimony escalates, along with the State's need to impeach the defendant's credibility. *Id.* Although appellant's family members testified he was never alone with his daughter, appellant was the only witness capable of denying the allegations of sexual assault. Therefore, the State had an escalated need to impeach his credibility, and, these factors weigh in favor of admitting the prior convictions.

Three of the five *Theus* factors favor admissibility; accordingly, we cannot conclude the trial court abused its discretion in admitting the prior convictions into evidence.

**OUTCRY WITNESS**

In his second issue, appellant asserts the trial court erred by admitting the testimony of two outcry witnesses. Although appellant's issue is stated as objecting to two outcry witnesses, his argument on appeal focuses only on the admission of the complainant's mother's testimony on the grounds that she was not the first person, eighteen years or older, to whom the complainant made a detailed statement about the offense.

Texas Code of Criminal Procedure article 38.072 provides an "outcry" exception to the general rule that hearsay statements are inadmissible. TEX. CODE CRIM. PROC. ANN. art. 38.072 §§ 1, 2 (West Supp. 2012). The outcry provision seeks both the fair prosecution of child abuse cases and the protection of children in the courtroom, but is "carefully limited" to ensure the reliability of the testimony. *See Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005). The statute applies only to statements made (1) by the child against whom the offense was allegedly committed, and (2) to the first person, eighteen years of age or older, to whom the child made a statement about the offense. TEX. CODE CRIM. PROC. art. 38.072 § 2(a). The outcry witness is the first adult to whom the child relates the how, when, and where of the assault. *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd). However, the statement must describe the alleged offense in some discernible way and amount to "more than words which give a general allusion that something in the area of child abuse was going on." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). We review the trial court's admission of an outcry witness's testimony under an abuse of discretion standard. *Garcia*, 792 S.W.2d at 92.

Here, two witnesses testified about what they were told by complainant. The first witness, Jessica, was the counselor at the complainant's school. Jessica testified that a student came into her office because the student was passing notes asking if the complainant was a

virgin. When Jessica asked the student why she was passing the notes, the student said because the complainant had told her appellant had touched her inappropriately. Jessica then spoke to the complainant, who was ten or eleven years old at the time, and the complainant said "her dad touched her inappropriately all over her body when she was younger, around five or six years old" and touched her top, bottom, and legs. She said the complainant was very emotional, upset, and crying. Jessica stated she did not press for more details because she allows a child to relay as much information as the child desires. Jessica then reported the incident to CPS.

The second witness was the complainant's mother Patricia. Patricia testified the complainant told her appellant "forced her to start kissing . . . like a boy and girl would," appellant "put his tongue down her throat," he touched her vagina, and put his penis in her mouth and "inside her." The complainant told her mother she was five or six years old at the time and the incidents occurred numerous times at the complainant's grandmother's house. Patricia reported the conversation to the police.

The trial court ruled both witnesses could testify as outcry witnesses because Jessica testified to touching and Patricia testified in more detail about the nature of the sexual assault. There may be more than one outcry witness provided the witnesses testify about different events. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011). "Because of the way in which [article 38.072] is written, an outcry witness is not person-specific, but event-specific." *Broderick v. State*, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, pet. ref'd). Therefore, "the outcry must be about different events, and not simply a repetition of the same event related by the victim to different individuals." *Id.* Here, the trial court could have determined the two witnesses testified about different events—Jessica about inappropriate touching and Patricia about other acts of sexual abuse including penetration and oral sexual assault. Therefore, we

cannot say the trial court abused its discretion by allowing Jessica and Patricia to both testify as outcry witnesses.

## GLOBAL POSITIONING DEVICE

In his third issue, appellant asserts the trial court erred by not allowing testimony to explain why he removed his Global Positioning Device ("GPD"). As a condition of his bond, appellant wore a GPD. He later removed it. On appeal, appellant contends he and his mother should have been allowed to fully explain why the device was removed, and the trial court denied his request to elicit more specific answers regarding his removal of the device. Contrary to appellant's assertion, the record reflects that appellant testified he cut off the monitor and left the house because his attorney was trying to get him to take a plea bargain. Therefore, on this record, we cannot conclude the trial court erred.

## CROSS-EXAMINATION OF WITNESSES

In his fourth and final issue, appellant asserts the trial court erred when it denied him the ability to cross-examine the complainant, his sister, and his mother about the complainant's MySpace page, on which he contends she made several inconsistent statements, about the complainant drawing pictures of male penises in a coloring book when she was only three years old, and about Patricia's "having various relationships." Appellant points to nowhere in the record where he was denied an opportunity to cross-examine the witnesses on any of these topics. And, other than a general statement about his right to a fair trial and a witness's credibility being a proper subject of cross-examination, appellant provides no legal analysis to support his argument that the trial court erred.

The Texas Rules of Appellate Procedure require that briefs "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h), (i). Because appellant here has not included any citation of authority or

discussion of or citation to the facts to support his complaint, this issue is inadequately briefed, and therefore, not preserved for appellate review. *State v. Mason*, 980 S.W.2d 635, 641 n. 3 (Tex. Crim. App. 1998).

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Publish