

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00858-CR

Wesley Allen **DOTSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 13-01-00015-CRK
Honorable Bert Richardson, Judge Presiding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  September 10, 2014

AFFIRMED

A jury found appellant, Wesley Allen Dotson, guilty of aggravated assault of a public servant, sentenced him to fifty years' confinement, and assessed a $10,000 fine. In a single issue on appeal, appellant asserts the trial court erred by allowing the State to impeach a witness with prior felony convictions. We affirm.

---

[1] Sitting by assignment for the Honorable Donna S. Rayes.

## BACKGROUND

Appellant is an inmate of the Texas Department of Criminal Justice Correctional Institutions Division. On July 26, 2012, appellant was involved in an altercation with correctional officer Gonzalo Martinez. Martinez sustained serious injuries as a result of the altercation, and the State charged appellant with aggravated assault of a public servant. The trial took place in August 2013. During the trial, appellant called a fellow inmate, German Rodriguez, to testify as a defense witness. On cross-examination, the State sought to impeach Rodriguez by introducing his prior felony convictions. Outside the presence of the jury, the trial court heard testimony regarding Rodriguez's prior felony convictions: a 1984 attempted murder conviction, a 1986 aggravated assault conviction, and a 1999 aggravated assault of a public servant conviction. The trial court also heard that Rodriguez was currently incarcerated for DWI with a deadly weapon. The State, however, did not seek to introduce evidence of Rodriguez's DWI conviction. Appellant objected on the grounds the convictions were too remote. The trial court allowed the admission of Rodriguez's prior convictions. A jury found appellant guilty and this appeal ensued.

On appeal, appellant asserts the State's introduction of Rodriguez's prior convictions violated Texas Rule of Evidence 609 and the test set forth in *Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1992).

## STANDARD OF REVIEW

"[A] ruling permitting use of a prior conviction to impeach will be reversed on appeal only upon a showing of a clear abuse of discretion." *Theus*, 845 S.W.2d at 881. A trial court does not abuse its discretion unless its decision lies outside the zone of reasonable disagreement. *Id*.

## ADMISSIBILITY OF PRIOR CONVICTIONS

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). However, Rule

609 allows for impeachment of a witness by evidence of prior convictions. TEX. R. EVID. 609. The relevant portion provides:

> (a) **General Rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.
>
> (b) **Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.
>
> . . . .

TEX. R. EVID. 609(a), (b). The proponent of impeachment evidence "has the burden of demonstrating the probative value of a conviction outweighs its prejudicial effect." *Theus*, 845 S.W.2d at 880.

Generally, "[r]emote convictions are inadmissible because of a presumption that one is capable of rehabilitation and that his character has reformed over a period of law abiding conduct." *Mireles v. State*, 413 S.W.3d 98, 101 (Tex. App.—San Antonio 2013, pet. ref'd); *Morris v. State*, 67 S.W.3d 257, 263 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). However, if more than ten years have passed, a prior conviction will not be held remote if the witness' lack of reformation is shown by evidence of an intervening felony conviction or misdemeanor involving moral turpitude. *See McClendon v. State*, 509 S.W.2d 851, 855–56 (Tex. Crim. App. 1974); *Mireles*, 413 S.W.3d at 101.

At the time of trial, Rodriguez's 1984 and 1986 convictions were outside the ten-year period outlined in Rule 609(b). However, the record indicates Rodriguez was released in 2004 for his 1999 conviction. Therefore, at the time of trial, Rodriguez's 1999 conviction was within the

ten-year period. In such a situation, we apply Rule 609(a)'s "outweigh" standard—rather than Rule 609(b)'s "substantially outweigh" standard—to determine whether admission of the convictions more than ten years old was proper because "'intervening convictions for felonies or crimes of moral turpitude demonstrate a lack of reformation, attenuating the possible prejudice interposed by a distant conviction.'" *Mireles*, 413 S.W.3d at 101–02 (quoting *Morris*, 67 S.W.3d at 263). Rodriguez's 1999 conviction removed the "taint of remoteness" from his 1984 and 1986 convictions, and, as a result, we apply Rule 609(a)'s "outweigh" standard to determine whether admission of these convictions was proper. *See id.* at 102.

When assessing whether a conviction's probative value outweighs its prejudicial effect, we apply a nonexclusive list of five factors. *Theus*, 845 S.W.2d at 880. Those factors include: (1) the impeachment value of the prior crimes, (2) the temporal proximity of the prior convictions to the date the witness testifies and the witness' subsequent history, (3) the similarity between the past crimes and any conduct of the witness at issue in the present trial, (4) the importance of the witness' testimony, and (5) the importance of the credibility issue. *See id.*; *see also Moore v. State*, 143 S.W.3d 305, 312–13 (Tex. App.—Waco 2004, pet. ref'd) (adapting *Theus* test to non-defendant witness for impeachment purposes).

Under the first factor, consideration must be given to the impeachment value of the prior convictions. Crimes that involve deception have a higher probative value than crimes involving violence, and crimes involving violence have a higher potential for prejudice. *Theus*, 845 S.W.2d at 881. The State presented evidence of Rodriguez's prior convictions for attempted murder, aggravated assault, and aggravated assault of a public servant—all of which involve violence or attempted violence. None of Rodriguez's prior convictions involve untruthfulness or deception, and they are not the types of crimes that would ordinarily weigh heavily against a witness' veracity. Thus, the first factor weighs against admissibility.

The second factor focuses on the temporal proximity of the prior convictions to the date the witness testifies and the witness' subsequent criminal history. *See Moore*, 143 S.W.3d at 313. "[T]he second factor will favor admission if the past crime[s are] recent and if the witness has demonstrated a propensity for running afoul of the law." *Theus*, 845 S.W.2d at 881. Rodriguez's 1984 and 1986 convictions were not close in temporal proximity to the date he testified in the present case. However, Rodriguez's release date for his 1999 conviction was within the ten-year period outlined in Rule 609. Additionally, the record also establishes the trial court heard testimony that Rodriguez was currently incarcerated serving a fifteen-year sentence for DWI with a deadly weapon. Thus, Rodriguez's subsequent criminal history establishes a propensity for "running afoul of the law." Accordingly, the second factor favors admission.

The third factor focuses on the potential for unfair prejudice due to the similarity of past conduct of the witness with the conduct at issue in this case. *Moore*, 143 S.W.3d at 313. "If . . . the past crime and the charged crime are similar, the third factor will militate against admission . . . ." *Theus*, 845 S.W.2d at 881. In this case, appellant was charged with aggravated assault of a public servant—a crime involving violence. Rodriguez's prior convictions—attempted murder, aggravated assault, and aggravated assault of a public servant—are similar to appellant's charged offense as they are all crimes involving violence or attempted violence. Given the similarities between Rodriguez's past conduct and the conduct at issue in this case, there is a significant risk of unfair prejudice that weighs against admissibility.

The fourth and fifth factors, the importance of Rodriguez's testimony and credibility, depend on the nature of appellant's defense and the means available to him of proving that defense. *Id*. When a case boils down to a "he said, she said" situation between witnesses, "the importance of the [witness'] credibility and testimony escalates, along with the State's need to impeach the [witness'] credibility." *Mireles*, 413 S.W.3d at 103; *see Theus*, 845 S.W.2d at 881. In such a

situation, courts favor the admission of impeaching evidence. *Woodall v. State*, 77 S.W.3d 388, 396 (Tex. App.—Fort Worth 2002, pet. ref'd). At trial, Martinez testified the altercation began when appellant started yelling at him. Martinez testified he tried to calm appellant down, but appellant swung at him because appellant was upset Martinez had confiscated certain contraband items from his cell. The two began to wrestle and rolled down the stairs where appellant landed on top of Martinez and started to "gouge his eyes out." Appellant argued he acted in self-defense, claiming that Martinez acted outside of his lawful duty. Appellant did not testify at trial, instead he called three witnesses to testify on his behalf. However, Rodriguez was the only witness who testified that he witnessed the beginning of the altercation. Rodriguez stated he was standing approximately four feet from where the altercation began and contradicted Martinez's version of events. Rodriguez testified he did not witness appellant strike or attempt to strike Martinez, and maintained that appellant did not assault Martinez. In his brief, appellant recognizes the importance of Rodriguez's testimony and credibility stating, "[Appellant's] entire defense rested on the jury believing the testimony of his witnesses over the State's witnesses. Similarly, the State's entire case rested on the jury believing the testimony of its witnesses over appellant's witnesses." Thus, factors four and five weigh in favor of admission.

Overall, the *Theus* factors weigh in favor of admission. Accordingly, we cannot conclude the trial court abused its discretion finding the probative value of Rodriguez's prior convictions "outweigh" their prejudicial effect and admitting the convictions into evidence.

## CONCLUSION

We conclude the trial court did not abuse its discretion by allowing the State to impeach a witness with prior felony convictions. Therefore, we affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish