ACCEPTED
13-14-00257-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/2/2015 11:51:57 AM
DORIAN RAMIREZ
CLERK

## NO. 13-14-00257-CR

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/2/2015 11:51:57 AM
DORIAN S. RAMIREZ
Clerk

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI

**RUBEN ANDRES BALDEZ,**
**Appellant,**

**v.**

**THE STATE OF TEXAS,**
**Appellee.**

On Appeal from the County Court at Law #2
Of Victoria County, Texas
Cause No. 2-102358

## BRIEF FOR THE STATE OF TEXAS

Stephen B. Tyler
Criminal District Attorney
State Bar No. 24008186
205 N. Bridge Street, Suite 301
Victoria, TX 77901
Telephone: (361) 575-0468
Facsimile: (361) 576-4139

Brendan W. Guy
Assistant District Attorney
State Bar No. 24034895
**Attorneys for the State of Texas**

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

PAGE (S)

**TABLE OF CONTENTS** ...........................................................................ii

**INDEX OF AUTHORITIES**..............................................................iii-iv

**STATEMENT OF THE FACTS** ..........................................................2-8

**SUMMARY OF ARGUMENT**..............................................................8-9

**ARGUMENT**.......................................................................................10-25

   I.  The trial court acted well within its discretionary
       authority in allowing the State to impeach the Appellant
       with evidence of his prior felony conviction........................10-21

   II.  In the alternative, any error in the admission of
       Appellant's prior conviction was harmless .........................21-25

**PRAYER**............................................................................................. 25

**SIGNATURE**...................................................................................... 25

**CERTIFICATE OF COMPLIANCE** ................................................. 26

**CERTIFICATE OF SERVICE** ........................................................... 27

# INDEX OF AUTHORITIES

## Texas Cases

*Bagheri v. State,* 119 S.W. 3d 755 (Tex. Crim. App. 2003)................... 22

*Bryant v. State,* 997 S.W. 2d 673
(Tex. App.-Texarkana 1999, no pet) ...................................................... 20

*Castro v. State,* 2006 WL 1868438
(Tex. App.-Houston [1st Dist.] 2006, pet. ref'd)
(mem. op. not designated for publication)....................................... 11, 18

*Denman v. State,*193 S.W. 3d 129
(Tex. App.-Houston [1st Dist.] 2006, pet. ref'd).................................... 11

*Hankins v. State,* 180 S.W. 3d 177
(Tex. App.-Austin 2005, pet. ref'd) ....................................................... 25

*Herring v. State,* 147 S.W. 3d 390 (Tex. Crim. App. 2004)................... 24

*King v. State,* 953 S.W. 2d 266 (Tex. Crim. App. 1997) ...................21-22

*Leyba v. State,* 416 S.W. 3d 563
(Tex. App.-Houston [14th Dist.] 2013, pet. ref'd) ................................. 24

*Mireles v. State,* 413 S.W. 3d 98
(Tex. App.-San Antonio 2014, pet. ref'd) ........................................ 16, 19

*Motilla v. State,* 78 S.W. 3d 352 (Tex. Crim. App. 2002) ...................... 22

*Nolen v. State,* 872 S.W. 2d 807
(Tex. App.-Ft. Worth 1996, pet. ref'd)................................................... 20

*Poiter v. State,* 68 S.W. 3d 657 (Tex. Crim. App. 2002) ........................ 21

*Smith v. State,* 439 S.W. 3d 451
(Tex. App.-Houston [1st Dist.] 2014, no pet) ........................................ 14

*Theus v. State,* 845 S.W. 2d 874 (Tex. Crim. App. 1992).........10-12, 15, ..............................................................................16-18, 20

*Yanez v. State,* 199 S.W. 3d 293
(Tex. App.-Corpus Christi 2006, pet. ref'd) ......................................... 23

*Yates v. State,* 917 S.W. 2d 915
(Tex. App.-Corpus Christi 1996, pet. ref'd) ....................................20-21

## Texas Statutes

TEX. HEALTH & SAFETY CODE § 481.115 (West 2010)................ 13

TEX. PENAL CODE ANN. §49.04 (West 2014)................................. 13

## Texas Rules

TEX. R. APP. 9.4....................................................................... 26

TEX. R. APP. P. 33.1 ................................................................ 21

TEX. R. APP. P. 44.2 ................................................................ 22

TEX. R. EVID 609 ................................................................9-10, 14, 20

## NO. 13-14-00257-CR

### IN THE COURT OF APPEALS
### FOR THE THIRTEEN DISTRICT OF TEXAS
### AT CORPUS CHRISTI

RUBEN ANDRES BALDEZ…..……………………………………..Appelant

v.

THE STATE OF TEXAS,…..…………………………………...Appellee

\* \* \* \* \*

### STATE'S BRIEF ON THE MERITS

\* \* \* \* \*

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, THE STATE OF TEXAS, by and through her Criminal District Attorney, Stephen B. Tyler, and as Appellee in the above numbered and entitled cause, and files this the Appellee's brief showing:

### STATEMENT OF THE FACTS

On February 11, 2014, Appellant's driving while intoxicated case was called for trial. [RR-III-1, 6].

The State's first witness was Officer Robert Rogers of the Victoria Police Department. [RR-III-142]. Officer Rogers testified to investigating a car accident involving Appellant and to how Appellant disregarded police instructions to stay by his vehicle four or five times. [RR-III-148-151].

Officer Rogers also described how in his initial contact with Appellant, he noted the Appellant had an odor of alcoholic beverages on his breath and glassy eyes. [RR-III-148]. Officer Rogers then described Appellant trying to leave the scene of the investigation entirely which led to the police putting Appellant in handcuffs. [RR-III-151]. Officer Rogers then testified that Appellant never reported being injured to him. *Id.* Officer Rogers then described locating a beer can next to Appellant's vehicle. [RR-III-152]. Officer Rogers also sponsored the admission of a video tape of his investigation of the accident scene. [RR-III-153; State's Exhibit 1]. The video in question did not contain a working audio track. [RR-III-154; State's Exhibit 1].

The State then called Officer Isaac Ramirez of the Victoria Police Department. [RR-III-229]. Officer Ramirez testified to being called out to the accident scene on September 29, 2013, where he found the Appellant yelling and refusing to listen to the police about staying near his vehicle. [RR-III-230-232]. Officer Ramirez also described the Appellant as having a "very unsteady balance", bloodshot eyes, and "acting very aggressive". [RR-III-232]. Officer Ramirez then described locating a beer can next to the driver's side door of Appellant's vehicle. [RR-III-237; State's Exhibit 2]. Officer Ramirez would also testify to the presence of gouge marks and

vehicle fluid located in the street that would have been caused by two vehicles being in an accident. [RR-III-245; IV-8-9; State's Exhibit 28]. Officer Ramirez then described how the damage to Ms. Hernandez's vehicle was consistent with it having been struck from behind [RR-IV-11-12], and how the damage observed to both her vehicle and the Appellant's was inconsistent with the damage that would have occurred from two vehicles merging together. [RR-IV-50-51].

The State would subsequently call Officer Manny Cordova of the Victoria Police Department. [RR-IV-64]. Officer Cordova also described being called out to Appellant's accident scene the night of September 29, 2013. [RR-IV-65]. Officer Cordova testified to Appellant having a "strong odor of alcohol", of Appellant's walking as being "unbalanced, staggering", [RR-IV-67]. and of Appellant having slurred speech. [RR-IV-69]. Officer Cordova also described transporting Appellant to the hospital where Appellant refused treatment. [RR-IV-70]. Officer Cordova then reaffirmed that Appellant had spoke with slurred speech and discussed how Appellant refused to do a blood draw. [RR-IV-84-85]. Officer Cordova then again described detecting the odor of alcohol on the Appellant and described how the Appellant had "very glassy eyes" and was walking in a "staggered, unbalanced" manner. [RR-IV-86].

The State then called Officer Bryan Dowden of the Victoria Police Department. [RR-IV-129]. Officer Dowden also testified to being called out to Appellant's accident scene and to observing Appellant walking with "a staggered walk." [RR-IV-133]. Officer Dowden also described the Appellant stating that "he was fucked up." [RR-IV-134]. Officer Dowden then confirmed that Appellant spoke in a "slurred fashion" [RR-IV-135], refused to do the field sobriety tests or to accept medical treatment, had a strong odor of alcohol on his breath, bloodshot eyes, unsteady balance, and was uncooperative. [RR-IV-137],

The State then called Ms. Mary Jane Hernandez (also known as Marie Juanita Salazar). [RR-IV-184, 198]. Ms. Hernandez testified to the events of September 28, 2013, and how when she was driving home her vehicle was struck from behind by another vehicle. [RR-IV-189-190, 192]. She further testified that she was driving "straight" when the accident occurred. [RR-IV-205].

After the State rested its case, Appellant elected to testify in his own behalf. [RR-IV-241]. Appellant testified at length about how the motor vehicle accident in his case occurred. [RR-IV-248-254]. Appellant described the accident as being the fault of the other involved vehicle. [RR-IV-252]. Appellant continued his testimony the next day where he provided

additional details concerning the car accident. [RR-V-6, 10-16]. Appellant then reaffirmed his earlier testimony that the other vehicle was responsible for the accident by coming into his lane of travel while he was attempting to pass her. [RR-V-11-14]. Appellant also insisted that he did not hit Ms. Salazar's vehicle and speculated that she had fallen asleep while driving. [RR-V-16-17].

Appellant also testified that he was not intoxicated on the night in question. [RR-V-18]. Appellant then claimed that his staggered walk was due to an injury caused by him tripping over debris in the immediate aftermath of the accident. [RR-V-23]. The Appellant then characterized Ms. Salazar's description of the accident as "far-fetched" and suggested that she changed her account of what happened at the prompting of the investigating police officer. [RR-V-24-25]. Appellant then testified that he lost his temper that night due to the officer coaching Ms. Salazar on what to say. [RR-V-26]. The Appellant also insisted he did not attempt to leave the scene. [RR-V-26-27]. The Appellant then described how after being arrested and transported by the police he requested help getting out of the backseat of the vehicle due to his height and injury. [RR-V-29-30]. The Appellant also argued that his injury was the cause of his confrontational attitude and inability to keep his balance on the video. [RR-V-30-31].

Appellant then testified that his cousin, a physical therapist, examined him after he was released from jail and that his cousin believed that Appellant had injured a muscle in his groin area. [RR-V-37-38]. This cousin did not testify at the hearing. [RR-V-38].

Appellant then claimed that the beer cans the State had indicated were found in his vehicle were never in his vehicle. [RR-V-39]. Appellant further insisted he had no alcohol in his vehicle on the night of the suspected offense. [RR-V-40]. Appellant then admitted that he had consumed several beers earlier in the evening of the date of the charged offense but again denied that he was intoxicated at the time of the offense. [RR-V-40-41].

Once Appellant's direct examination was concluded, the State begin its cross-examination. [RR-V-41]. The State's first question was if Appellant was a convicted felon. *Id.* Appellant denied that he was a convicted felon and a lengthy bench conference was held. [RR-V-41-55]. During that conference Appellant argued against permitting the State to introduce the specific nature of his prior felony conviction, claiming it was irrelevant and unfairly prejudicial. [RR-V-48-52]. The court ultimately decided the State would be permitted to introduce evidence of Appellant's prior felony for purposes of impeachment. [RR-V-52-53].

The jury was then recalled, the State asked the Appellant if he was convicted on November 3, 2008 of possession of methadone, and Appellant objected, arguing that evidence of the prior conviction was unfairly prejudicial. [RR-V-56]. In that argument, Appellant conceded that the prior conviction was for a "totally unrelated type of offense." *Id.* The trial court overruled the Appellant's objection. *Id.* The trial court did not make any verbal or written findings in support of its ruling. *Id.* Appellant did not request such findings or object to them not being provided. *Id.* Appellant also did not request a limiting instruction on what purpose the evidence of the prior conviction could be used for by the jury. *Id.* Appellant admitted to his prior felony conviction. [RR-V-56-58].

After each side had rested, Appellant's closing argument repeatedly discussed testimony that Appellant had provided. [RR-V-163-167, 170, 172, 174]. Nevertheless, Appellant was found guilty of driving while intoxicated. [RR-V-194].

## SUMMARY OF THE ARGUMENT

The trial court acted well within its discretion in admitting the evidence of Appellant's prior felony conviction. That prior conviction for possession of a methadone was a recent conviction for an offense that was not closely related to the charged offense, and given that the Appellant

testified and was in fact the primary witness for the defense, his credibility was a critical issue in this trial thus giving the State a compelling need to be able to impeach his testimony, while the prejudicial effect of a prior conviction for a non-violent drug offense was slight. Thus the trial could could reasonably conclude that the probative value of the prior conviction outweighed its prejudicial effect, and that conclusion should not be disturbed.

Nor was the trial court under any obligation to announce its findings of fact and conclusions of law on the admissibility of the prior conviction. Texas law does not require a trial court to summarize the results of it performing the Rule 609 balancing test, and the Appellant did not request to have such results recorded.

In the alternative, even if it was error for the trial court to admit the prior conviction into evidence that error was harmless because the State had substantial evidence showing the Appellant was intoxicated, and the prior conviction itself was not of a type of offense likely to inflame the jury or otherwise to cause them to convict the Appellant for an improper reason. As such there is no reason to believe that the introduction of the prior conviction had any substantial impact on the verdict in this case, and therefore any error from its admission was harmless.

# **ARGUMENT**

## I. The trial court acted well within its discretionary authority in allowing the State to impeach the Appellant with evidence of his prior felony conviction.

Texas Rule of Evidence 609 permits evidence of prior felony convictions to be used to attack a witness's credibility when the trial court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party. Furthermore, in balancing the probative value of the evidence versus its prejudicial effect, the trial court must be accorded "wide discretion." *Theus v. State,* 845 S.W. 2d 874, 881 (Tex. Crim. App. 1992). A ruling permitting the use of a prior conviction to impeach should only be disturbed upon a showing of "a clear abuse of discretion." *Id.* No such clear abuse of discretion occurred in this case, and thus the trial court's ruling should stand.

The Court of Criminal Appeals has provided a non-exhaustive list of five factors to consider in weighing the probative value of a prior conviction against its prejudicial effect: 1) the impeachment value of the prior crime; 2) the temporal proximity of the past crime to the current charged offense; 3) the similarity between the past crime and the current charged offense; 4) the importance of the defendant's testimony; and 5) the importance of the

credibility issue. *Id.* at 880. In the present case these five factors weigh heavily in favor of the admission of the Appellant's prior felony conviction.

As to first *Theus* factor in this case, the impeachment value of the prior conviction, drug possession offenses are not considered to be a "crime of deception" and thus have relatively low impeachment value. See *Denman v. State,*193 S.W. 3d 129, 136 (Tex. App.-Houston (1st Dist.) 2006, pet. ref'd). That said drug possession offenses are also not "crimes of violence." See *Castro v. State,* 2006 WL 1868438 at 4 (Tex. App.-Houston (1st Dist.) 2006, pet. ref'd)(mem. op. not designated for publication.) This is significant because crimes that involve violence are recognized to have a higher potential for prejudice than non-violent offenses. *Theus,* 845 S.W. 2d at 881. As such at least one Court of Appeals (albeit only in a memorandum opinion) has held that a conviction for a drug offense that is neither a high impeachment value "crime of deception" nor a high prejudice risk "crime of violence" is neutral in a *Theus* analysis favoring neither admission nor exclusion. See *Castro,* 2006 WL 1868438 at 4. That reasoning seems logical, and thus the State would argue it should be adopted in this case as well. Thus the first *Theus* factor is neutral here, supporting neither admission nor exclusion of the evidence.

As to the second *Theus* factor, the temporal proximity of the past conviction, that factor favors admission of the evidence. When a past conviction is recent it has greater probative value and thus more strongly supports admission. *Theus,* 845 S.W. 2d at 881. Appellant's prior felony conviction occurred slightly over five years before his testimony in the present case: Appellant was convicted of his felony offense on November 3, 2008 [RR-V-56] and testified in this trial on February 12, 2014. [RR-IV-1, 241]. In the *Theus* case the Court of Criminal Appeals found that a conviction that became final five years before the current charged offense was "recent." *Id.* at 881. Since Appellant's prior conviction is approximately the same age as the conviction at issue in *Theus,* it stands to reason that the conviction in this case also qualifies as being a "recent" conviction and therefore the temporal proximity factor favors admission in this case.

As to the third *Theus* factor, the similarity of the past conviction to the current charged offense, that factor also favors admission. When the past crime and the present one are similar that militates against admission of the past offense. *Id.* at 881. However, here Appellant's past conviction is not closely related to the charged offense, a point that even the Appellant

conceded at trial when his trial counsel argued that Appellant's prior conviction was "totally unrelated to this type of crime." [RR-V-49].

Appellant's past offense was a felony conviction for possession of a controlled substance, methadone, [RR-V-56] while in the present trial he was facing charges for a misdemeanor offense of driving while intoxicated. Now it is true that both of those offenses involve substance abuse but that is where their similarity ends. Beyond that they are very different types of crime. Possession of a controlled substance primarily puts the offender themself at risk, whereas driving while intoxicated puts not only the offender but everyone who shares a roadway with them at risk. And of course these two offenses have very different elements: most notably the requirement in the driving while intoxicated statute that you be operating a motor vehicle, but also that it requires you to actually be intoxicated by introduction of a substance into your body and that all of this must occur while you are in a public place whereas possession of a controlled substance does not require that you even utilize the contraband substance but rather merely that you have possession of it and does not place any special restrictions on where the offense can occur. *See* TEX. PENAL CODE ANN. § 49.04(a) (West 2014); TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2010). Thus

the two offenses are not closely related and thus should not be treated as being similar for Rule 609 purposes.

A clear example of this principle came from the Houston Court of Appeals (1st Dist.) in the *Smith* case where that court found that indecent exposure and aggravated sexual assault of a child were not similar crimes for purposes of Rule of Evidence 609 balancing, even though both offenses involve "sexual elements." See *Smith v. State,* 439 S.W. 3d 451, 459 (Tex. App.-Houston (1st Dist.) 2014, no pet). The *Smith* court found major differences between those two offenses based upon which part of the Penal Code they were located in and what elements they contained. *Id.* at 458-459. If two offenses that both involve "sexual elements" can still be regarded as distinctive for Rule 609 purposes then that same logic should apply with equal force to two offenses that both involve substance abuse elements. The differences in the elements between driving while intoxicated and possession of a controlled substance are sufficient enough for them to be very different types of offenses, and thus they should be considered to not be similar offenses for Rule 609 purposes.

Admittedly, this analysis might be different if the means of intoxication suspected in Appellant's driving while intoxicated case involved the same controlled substance, methadone, that was at issue in

Appellant's prior conviction.  It might even be different if Appellant was suspected of being intoxicated on a different controlled substance than methadone.  However, that was not the case.  The State did not present any evidence suggesting Appellant was intoxicated on methadone or on any other controlled substance to support its driving while intoxicated case.  Rather the State's case focused entirely on the Appellant being intoxicated solely due to the introduction of alcohol into his body.  The State's witnesses testified to finding an alcoholic beverage near Appellant's vehicle [RR-III-152, 237] and to Appellant having a strong odor of alcohol on his breath, person, and vehicle. [RR-III-202, 227, 233; IV-67, 86, 115, 133, 137].  Likewise the Appellant himself admitted to consuming three of four beers.  [RR-V-40].  No evidence was ever presented suggesting Appellant was intoxicated on any substance other than alcohol.  The case against Appellant was simply not about controlled substances and therefore there was no danger of the jury improperly utilizing Appellant's past conviction.  As such this factor supported admission of the evidence.

The fourth and fifth *Theus* factors, the importance of the witnesses' testimony and the importance of the credibility issue, are closely related and thus best analyzed together, and in the present case they both weighed heavily in favor of the admission of Appellant's past felony.  Appellant's

testimony was obviously of critical importance in this case. While the Appellant was not the only defense witness called to testify in this case, he was the only defense witness present at the time and place of the charged offense. As such he was the only defense witness that could truly present the defense's version of events. When the defendant is the only defense witness, the importance of his testimony and credibility escalates. *Theus*, 845 S.W. 2d at 881. This standard applies even when the defendant is not the only defense witness, so long as he is the only defense witness capable of denying the allegations against him. See *Mireles v. State*, 413 S.W. 3d 98, 103 (Tex. App.-San Antonio 2013, pet. ref'd). Therefore since the Appellant was the only defense witness capable of denying he was driving while intoxicated, his testimony was of major importance, and the State had an escalated need to impeach his credibility.

The Appellant's testimony addressed a wide range of issues where he challenged the State's evidence. The Appellant disputed Ms. Hernandez's account of how the entire accident happened with him claiming that she was the one who caused the accident and suggesting that she changed her story after being coached by the police. [RR-IV-189-190, 192, 252; V-11-14, 16-17, 24-25]. The Appellant also denied he was intoxicated at the time of the charged offense [RR-V-18, 41], and provided explanations other than

intoxication for his "staggered walk" (supposedly caused by an injury) [RR-V-23], and his belligerence and refusal to comply with police instructions (caused by him being upset that the police were coaching Ms. Hernandez on what to say) [RR-V-24-25]. The Appellant also claimed that despite the police finding a fresh beer can right next to his vehicle [RR-III-152, 237], that he had no alcohol in his vehicle on the night in question. [RR-V-39-40].

All of this testimony by the Appellant turned on his credibility, and this testimony, if believed, would obviously have done great harm to the State's case. The best evidence the State had of Appellant's intoxication was the evidence that he had caused a car accident, the evidence that he was showing physical signs of intoxication (most significantly having trouble keeping his balance), the evidence that he was showing mental signs of intoxication (most significantly irrational belligerence and an inability or unwillingness to comply with police instructions), and the evidence that he had alcohol with him. Appellant's testimony attacked all of these points and by also suggesting improper police conduct (when he accused the police of coaching Ms. Hernandez) [RR-V-24-26] also attacked the integrity of the remainder of the State's case. Therefore, Appellant's credibility was of vital importance for the resolution of his case. When the importance of a defendant's credibility escalates, so does the need to allow the State the

opportunity to impeach the defendant's credibility. *Theus,* 845 S.W. 2d at 881. As such since both the Appellant testimony and the credibility issue were of high importance in this case, both of those factors strongly supported permitting the State to introduce evidence of Appellant's past felony conviction.

Four of the five *Theus* factors thus clearly favored admission of the prior conviction, and the State believes the remaining factor, the impeachment value of the prior conviction, should be regarded as neutral on the question of the admissibility of the prior conviction. With so many factors favoring admission, the trial court acted well within its discretion in ruling that the prior conviction was admissible. Furthermore, even if this Honorable Court rejects the reasoning of *Castro* and concludes that the first *Theus* factor is not neutral in this case but instead favors exclusion, the balance of the remaining factors is still sufficiently weighed towards admission that the trial court's ruling should be upheld. Indeed this would be the case even if this Honorable Court also rejects the reasoning of *Smith* and concludes that the third *Theus* factor also favors exclusion of the prior conviction in this case as other courts have concluded that even with just three of the *Theus* factors supporting admission while the remaining two factors supported exclusion that was still enough to find that a trial court did

not abuse its discretion in allowing evidence of a prior conviction to be admitted. See *Mireles,* 413 S.W. 3d at 103 (holding that even when the impeachment value of the prior conviction and the temporal proximity of the prior conviction both supported exclusion of the prior, the remaining factors favoring admission was enough to sustain the trial court's decision.)

Here the State had an obvious, highly elevated need to impeach Appellant's credibility since his testimony was the linchpin of the entire defense case, and the value of the Appellant's testimony depended entirely on whether or not the jury found it credible. The prior conviction to be used to impeach Appellant was recent in time, was not especially similar to the charged offense, and was not the type of offense likely to inflame a jury and put them at risk of convicting a defendant for an improper purpose. As such there was high probative value and little danger of unfair prejudice and thus the trial court acted well within its discretion in concluding that the probative value of Appellant's prior evidence outweighed its prejudicial effect. That is a conclusion well within the zone of reasonableness and thus the trial court's ruling should be upheld.

Nor does it matter that the trial court did not list on the record or in writing its findings of fact and conclusions of law concerning why it concluded the evidence of Appellant's past conviction was more probative

than prejudicial in this case. [RR-V-56]. Texas trial courts are encouraged but not required to make specific findings of fact and conclusions of law when admitting a prior offense for impeachment under Texas Rule of Evidence 609. See *Theus,* 845 S.W. 2d at 880 n.6; *Yates v. State,* 917 S.W. 2d 915, 920 (Tex. App.-Corpus Christi 1996, pet. ref'd). And when the trial court does not announce for the record that it has performed the required balancing test, the appellate courts should presume the trial court conducted the required balancing. See *Bryant v. State,* 997 S.W. 2d 673, 676 (Tex. App.-Texarkana 1999, no pet); *Nolen v. State,* 872 S.W. 2d 807. 812 (Tex. App.-Ft. Worth 1996, pet. ref'd).

In this case the trial court held a lengthy hearing outside of the presence of the jury concerning the admissibility of the prior conviction [RR-V-41-55], and made a reasoned decision, permitting the State to introduce the fact of the Appellant's prior felony conviction [RR-V-56] but not allowing the State to introduce documentary evidence of that conviction after the Appellant had already admitted to the prior. [RR-V-58]. Thus from the record it is clear the trial court did conduct the proper balancing test.

Furthermore, Appellant failed to object at trial to the trial court not announcing its findings of fact and conclusions of law on the admissibility

of Appellant's prior conviction. [RR-V-56]. As such Appellant has waived any claim of error on that point. See *Yates,* 917 S.W. 2d at 920; TEX. R. APP. P. 33.1(a).

Therefore since the trial court can be presumed to have conducted the proper balancing test, and since its conclusion upon performing that test that the evidence of Appellant's prior felony conviction was admissible was a reasonable conclusion on the facts of this case, that conclusion was not an abuse of the trial court's discretion and thus the trial court ruling should be upheld.

## II. In the alternative, any error in the admission of Appellant's prior conviction was harmless.

In the alternative, even if there was error in the admission of Appellant's prior felony conviction, that error would be harmless given the strength of the State's case against Appellant, and the low prejudicial effect of that type of prior conviction.

A violation of the rules of evidence is generally non-constitutional error. See *Poiter v. State,* 68 S.W. 3d 657, 662-663 (Tex. Crim. App. 2002). Thus reversal from such errors is only required if the erroneous admission of the Appellant's prior conviction affected his substantial rights by exerting a "substantial and injurious effect or influence in determining the jury's

verdict." See *King v. State,* 953 S.W. 2d 266, 271 (Tex. Crim. App. 1997); TEX. R. APP. P. 44.2(b). Such error will therefore be deemed harmless so long as we have fair assurance that the error did not influence the jury or if it did influence the jury only had but a slight effect. *Bagheri v. State,* 119 S.W. 3d 755, 763 (Tex. Crim. App. 2003). To analyze harm, the reviewing court must consider the entire record. *Motilla v. State,* 78 S.W. 3d 352, 355 (Tex. Crim. App. 2002).

That record shows that the State had a very strong case against Appellant. The State presented testimonial evidence of Appellant having caused a car accident [RR-IV-189-190, 192], of Appellant acting in a very aggressive manner towards the officers [RR-III-232-233, IV-44], of Appellant refusing to follow police instructions [RR-III-151, 232], of Appellant walking with a very unsteady balance [RR-III-232, IV-86, 116, 137], of Appellant having bloodshot/glassy eyes [RR-III-148, 156, 232-233; IV-86, 137], of Appellant having slurred speech [RR-IV-69, 84, 116, 133, 135], of Appellant having a strong odor of alcohol on his breath/person [RR-III-148; 156, IV-67, 86, 115, 133, 137], of Appellant refusing to do the field sobriety tests [RR-IV-137], of Appellant refusing medical treatment [RR-IV-137], of Appellant refusing to submit to a blood test [RR-IV-84-85], and of the Appellant himself describing himself as in a bad condition. [RR-IV-

134]. The Appellant himself likewise admitted on the stand that he had consumed alcohol earlier in the evening. [RR-V-40]. The State was also able to present evidence of a fresh beer that was located in the immediate vicinity of Appellant's front door [RR-III-152, 237], and the physical condition of the vehicles was consistent with the accident occurring in the manner described by Ms. Hernandez rather than in the account provided by the Appellant. [RR-IV-50-51, 189-190, 192, 248-254].

Thus the State had a strong case to show that Appellant was driving while intoxicated. And when the State's other evidence is compelling that renders it much less likely that improperly admitted evidence of a prior conviction will compromise a defendant's rights. See *Yanez v. State,* 199 S.W. 3d 293, 306 (Tex. App.-Corpus Christi 2006, pet. ref'd). And compared to all the evidence the State did have, the effect of a prior felony drug conviction would have a negligible impact on the jury's deliberations. A conviction for possession of methadone (which was only punished as a misdemeanor) is not the kind of violent or sexual offense that is going to irrationally inflame a jury. Nor is the type of offense that suggests a general propensity to commit other types of crimes. If Appellant's prior had been another driving while intoxicated conviction than obviously there would be a substantial risk of a jury seeing propensity from the conviction, but since

Appellant's prior offense did not involve driving while intoxicated the risk of the jury imputing a generalized criminal propensity from his prior conviction was slight. See *Herring v. State,* 147 S.W. 3d 390, 396 (Tex. Crim. App. 2004).

It is also important that the State did not inquiry into detail about the specifics of the prior offense. [RR-V-56-58]. Rather the State simply elicited the fact of the conviction and briefly referenced the existence of that conviction in its closing argument to remind the jury to question Appellant's credibility. [RR-V-56-58, 178, 180, 184]. And the State certainly was not pursuing an improper motive in attempting to introduce evidence of a recent felony conviction to impeach a defendant who testified, and whose testimony was the critical component of the defense case. See *Leyba v. State,* 416 S.W. 3d 563, 574 (Tex. App.-Houston [14th Dist.] 2013, pet. ref'd)(holding that the improper admission of a defendant's prior aggravated robbery conviction was harmless in part because the court could not determine that the prosecutor elicited the inadmissible evidence for an inflammatory purpose.)

Given the strength of the State's case against Appellant, and the relatively inoffensive nature of Appellant's prior felony, it is implausible that a handful of brief references to that prior conviction could have caused

more than a slight impact on the jury in light of all of the other evidence the State presented. As such any error from the admission of Appellant's prior conviction would have been harmless and can be disregarded. See *Hankins v. State,* 180 S.W. 3d 177, 183 (Tex. App.-Austin 2005, pet. ref'd).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays that this Honorable Court affirm the judgment of the trial court.

.

**Respectfully submitted,**

**STEPHEN B. TYLER**
**CRIMINAL DISTRICT ATTORNEY**

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
Telephone: (361) 575-0468
Facsimile: (361) 576-4139

**ATTORNEYS FOR THE APPELLEE,**
**THE STATE OF TEXAS**

# CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that the number of words in Appellee's Brief submitted on February 2, 2015, excluding those matters listed in Rule 9.4(i)(1) is 5,046.

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
Telephone:  (361) 575-0468
Facsimile: (361) 576-4139

## CERTIFICATE OF SERVICE

I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that a copy of the foregoing brief has been served on Edward Shaughnessy, III, Attorney for the Appellant, by depositing same in the United States Mail, postage prepaid on the day of February 2, 2015.

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
Telephone: (361) 575-0468
Facsimile: (361) 576-4139