**Roberto GAUNA, Appellant**

v.

**The STATE of Texas, Appellee**

**No. 04-16-00263-CR**

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: February 22, 2017

---

**3.** Because they are not dispositive of this ap-
peal, we need not address A.R.'s first and third issues. *See* TEX. R. APP. P. 47.1.

Dean A. Diachin, Assistant Public Defender, 101 W. Nueva, Suite 310, San Antonio, TX 78205, for Appellant.

Andrew Warthen, Paul Elizondo Tower, 101 W. Nueva St., San Antonio, TX 78205, for Appellee.

Sitting: Marialyn Barnard, Justice, Patricia O. Alvarez, Justice, Irene Rios, Justice

## MEMORANDUM OPINION

Opinion by: Irene Rios, Justice

A jury convicted Roberto Gauna of the offense of continuous sexual assault of a child, and based upon the jury's recommendation, the trial court sentenced Gauna to fifty years' imprisonment. On appeal, Gauna alleges the trial court erred by failing to exclude testimony from three witnesses in violation of Rule of Evidence 403. Gauna also alleges he received ineffective assistance of trial counsel. The judgment of the trial court is affirmed.

### ADMISSIBILITY OF EXTRANEOUS OFFENSE TESTIMONY

Gauna challenges the trial court's admission of testimony from Gauna's former sister-in-law, Charleigh, and his nieces, IG and MG, regarding extraneous sexual offenses committed against the nieces by Gauna. Prior to the witnesses testifying, the trial court held a hearing outside the

jury's presence pursuant to Texas Code of Criminal Procedure article 38.37. Tex. Code Crim. Proc. Ann. art. 38.37 (West 2015). Following the witnesses' hearing testimony, Gauna objected to their testimony based on Texas Rule of Evidence 403, arguing the danger of unfair prejudice outweighed the probative value of the testimony. The trial court overruled Gauna's objection, but limited Charleigh's testimony to "what she factually observed and what she did, without mentioning any of the specifics as to what she was told." Charleigh, IG, and MG then testified before the jury without objection.

### Standard of Review

We review the trial court's decision on the admissibility of evidence under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id.* If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed. *Id.*

To preserve a complaint for appellate review, the complaining party must make a timely objection to the trial court which states the grounds with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. Tex. R. App. P. 33.1(a)(1). The complaining party must let the trial court know what he wants and why he thinks he is entitled to it, and he must do so clearly enough for the trial court to understand and at a time when the trial court is in a position to do something about it. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). Further, a party must object each time the allegedly inadmissible evidence is offered or obtain a running objection. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (citing *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)). "'An error, [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.'" *Id.* (quoting *Valle*, 109 S.W.3d at 509).

### Application

Generally, an extraneous offense is not admissible to prove a person's character in order to show the person acted in accordance with that character. Tex. R. Evid. 404(b). However, article 38.37 creates an exception to Rule 404(b) for certain cases, including continuous sexual abuse of a child. Tex. Code Crim. Proc. Ann. art. 38.37, § 2(a)(1)(B), (b) (West Supp. 2016); *Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App.—Austin 2001, pet. ref'd). Under section 2 of article 38.37, evidence the defendant committed a separate offense may be admitted at trial for any bearing it has on relevant matters, including the defendant's character and acts performed in conformity with that character. Tex. Code Crim. Proc. Ann. art. 38.37, § 2(a)(1)(B), (b). Article 38.37 section 2 supersedes Rule 404(b). *See Hitt*, 53 S.W.3d at 705.

Nevertheless, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. Tex. R. Evid. 403. When extraneous acts are relevant under article 38.37, the trial court must still "conduct a Rule 403 balancing test upon proper objection or request." *Belcher v. State*, 474 S.W.3d 840, 847 (Tex. App.—Tyler 2015, no pet.); *see Hitt*, 53 S.W.3d at 705.

Although Gauna objected to the admission of the extraneous acts testimony on Rule 403 grounds during the article 38.37 hearing, Gauna did not renew his

objection when the witnesses testified before the jury or obtain a running objection to the testimony. The Court of Criminal Appeals has explained that to preserve error a party must object each time the allegedly inadmissible evidence is offered or obtain a running objection. *Lane*, 151 S.W.3d at 193. Because Gauna did not do so, he failed to preserve error with regard to his complaint about Charleigh, IG, and MG's testimonies and has presented nothing for our review. *Id.*

Issue one is overruled.

## Ineffective Assistance of Counsel

In issue two, Gauna contends he was denied his Sixth Amendment right to effective assistance of counsel. Gauna argues the totality of trial counsel's representation was objectively deficient and points to three specific instances of alleged deficient representation. Gauna contends trial counsel: (1) failed to make timely confrontation clause objections; (2) opened the door to what would have otherwise been inadmissible opinion testimony; and (3) allowed Gauna to admit guilt on the record.

## Standard of Review

To prevail on an ineffective-assistance-of-counsel claim, an appellant must prove, by a preponderance of the evidence that (1) counsel's performance was deficient, *i.e.*, counsel's assistance fell below an objective standard of reasonableness, and (2) he was prejudiced by counsel's deficient performance, *i.e.*, a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). When evaluating counsel's effectiveness, we look to the totality of the representation and the particular circum-stances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "It is all too tempting for a defendant to second-guess counsel's assistance after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Accordingly, we indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813. Therefore, Gauna " 'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' " *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052).

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. "[A]llegations of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* at 814. In this case, Gauna did not file a motion for new trial nor was any hearing held at which a record on trial counsel's strategy could be developed. Therefore, we are faced with a silent record.

In the absence of a developed record, we will not speculate as to the reasons trial counsel acted as he did. *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, no pet.). Rather, we presume the actions were taken as part of a strategic plan for representing the client. *Id.* Moreover, "an appellate court should not find deficient performance unless the complained-of conduct was 'so outrageous that no competent attorney would have engaged in it.' " *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)

(quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

The prejudice prong of Strickland requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. In other words, an appellant must show there is a reasonable probability that, without the deficient performance, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052; *Nava*, 415 S.W.3d at 308. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *Nava*, 415 S.W.3d at 308. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052. Failure to make the required showing of either deficient performance or prejudice defeats an appellant's ineffectiveness claim. *Thompson*, 9 S.W.3d at 813.

### Confrontation Clause Objection

Gauna contends trial counsel's performance was deficient because counsel failed to object to the admission of State's Exhibits 3, 4, and 5 on Confrontation Clause grounds. When claiming ineffective assistance for failing to object, an appellant must demonstrate that if trial counsel had objected, the trial court would have committed error by overruling the objection. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

State's Exhibits 3 and 4, Sexual Assault Nurse Examiner ("SANE") reports authored by Karin Hoffman and Sheila Priori, were admitted on March 24, 2016, which was the first day of trial. State's Exhibit 5, a SANE report authored by Annette Santos, was admitted on March 29, 2016, which was the second day of trial. On March 22, 2016, the State provided trial counsel with a witness list that included Hoffman, Priori, and Santos. Therefore, at the time State's Exhibits 3, 4, and 5 were admitted into evidence, trial counsel would have had no reason to object to their admission on Confrontation Clause grounds because the authors of the reports were listed as trial witnesses who would be available for cross-examination.

At the time the State presented testimony regarding the three exhibits during the testimony of SANE Cynthia Garcia, trial counsel objected that a SANE other than the authors of the reports was testifying from the reports and pointed out the report authors were on the State's witness list. Trial counsel also objected at that time "under *Crawford*," telling the trial court: "[W]e're being denied the right to confront the witnesses who prepared these reports." The trial court overruled trial counsel's objections.

Gauna offers no argument regarding whether had trial counsel objected at the time the exhibits were admitted, the trial court would have erred by overruling the objection. *See id.* Accordingly, we conclude Gauna has failed to show trial counsel rendered ineffective assistance of counsel by failing to object on confrontation clause grounds to the admission of State's Exhibits 3, 4, and 5.

### Opened Door to Otherwise Inadmissible Opinion Testimony

Gauna complains trial counsel performed deficiently by opening the door to opinion testimony regarding the veracity and acumen of Santos, the author of State's Exhibit 5.

During Garcia's testimony, the State asked several questions regarding whether the report met the standards and protocols put in place by the SANE medical di-

rector. Garcia testified it appeared Santos followed the required protocols. On cross-examination, trial counsel questioned Garcia regarding the report's reliability. Trial counsel asked Garcia whether Santos had sworn to the veracity of the report, and Garcia replied she did not know. The following exchange then took place:

[Counsel]: Okay. And you didn't interview the child in this case?

[Garcia]: No.

[Counsel]: You didn't conduct the physical exam?

[Garcia]: No, sir.

[Counsel]: So you have no opinion as to whether or not what actually is represented in this document occurred, right?

[Garcia]: I can give an opinion if you need me to but—

[Counsel]: Just based on looking at the document?

[Garcia]: Do I have an opinion if it actually occurred?

[Counsel]: Sure.

[Garcia]: Yes.

On redirect examination, the State attempted to elicit Garcia's opinion regarding Santos's acumen and veracity as a SANE. The State additionally attempted to obtain Garcia's opinion regarding whether the events described in the report actually took place. Trial counsel objected, but the trial court overruled the objection and indicated that trial counsel opened the door to that line of questioning through his cross-examination of Garcia.

■ Though Gauna's contentions raise questions as to the wisdom of and rationale for certain trial strategy decisions, Gauna does not direct us to any portion of the record where there is evidence of trial counsel's strategic basis for his decisions. We review trial strategy and tactics if the record proves trial counsel's actions were without any plausible basis. *Ex parte Ewing*, 570 S.W.2d 941, 945 (Tex. Crim. App. 1978). In this case, however, because trial counsel's reasons for his conduct and tactical decisions regarding questioning Garcia do not appear in the record, there is at least the possibility counsel's reasoning and conduct could have been legitimate trial strategy. Without more, we decline to second guess trial counsel's strategy, and we defer to his decisions. *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

### Admission of Guilt on the Record

Gauna complains trial counsel allowed him "to admit guilt on the record, in open court, and with absolutely no discernible benefit in exchange." Gauna asserts the only benefit of the "guilty" plea was to trial counsel in the form of a shortened trial.

■ Prior to jury selection, trial counsel informed the trial court Gauna intended to enter a "guilty" plea, reject the State's plea offer of fifty years' imprisonment, and elect to have the jury assess punishment. Trial counsel then made a record in which Gauna acknowledged his rejection of the plea offer and indicated he could not enter a "not guilty" plea for moral reasons. The trial court, the State, and trial counsel then discussed trial logistics, and it was reiterated that Gauna could change his plea at any time before the plea was formally entered. The following day, when the State read the indictment, trial counsel requested the trial court enter a plea of "not guilty." The trial court entered a "not guilty" plea and the trial began.

Gauna does not direct us to any portion of the record addressing trial counsel's reasoning or the basis for his trial strategy. As trial counsel's reasons for his conduct and tactical decisions regarding Gau-

na's change of plea from "guilty" to "not guilty" and creating a record of that decision do not appear in the record before us, there is at least the possibility counsel's reasoning and conduct could have been legitimate trial strategy. Accordingly, we defer to trial counsel's decisions. *See id.*

Based on the forgoing, issue two is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.