

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00751-CR

Francisco Xavier **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR5271
Honorable Mary D. Roman, Judge Presiding[1]

Opinion by: Marialyn Barnard, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: December 12, 2018

AFFIRMED AS MODIFIED

A jury convicted appellant Francisco Xavier Lopez of continuous sexual abuse of a child and indecency with a child. On appeal, Lopez raises two issues: (1) the trial court erred by allowing Mary Eileen McCourt to testify as an outcry witness; and (2) the judgment must be modified to accurately reflect a punishment of twelve years' confinement for the offense of indecency with a child. We affirm the trial court's judgment as modified.

---

[1] The Honorable Catherine Torres-Stahl is the presiding judge of the 175th Judicial District Court, Bexar County, Texas. However, the Honorable Mary D. Roman, retired and sitting by assignment, signed the judgment that is the subject of this appeal.

**BACKGROUND**

The victim, A.L., who was fifteen at the time of trial, testified that Lopez, her step-grandfather, sexually abused her when she lived with her grandmother. According to the grandmother, A.L. resided with her from the age of two to the age of five, but there was testimony that the abuse continued up to age seven. A.L. testified Lopez put his hands on her chest and her "middle part," which she said meant her vagina. She said he roughly rubbed her chest and "middle part" with his hands. A.L. testified Lopez did this over her clothes and "one time without [her] clothes on." On another occasion, he took his pants off and began to touch her while he touched "his own private part." A.L. also stated Lopez touched her "front" with his private part, putting it inside of her "[a] little bit," which she said "hurt bad." Lopez always told her not to tell her grandmother.

With regard to disclosure of the abuse, A.L. testified the first people she told about the abuse were her half-sister, C.G. and her cousin, V.S. Both girls were younger than eighteen. School counselor, Graciela Gil, testified A.L. came to her office and told her that when she was younger, Lopez hit her. Gil stated that after this disclosure, she called A.L.'s mother. When A.L.'s mother arrived, A.L. told her mother about the sexual abuse; Gil was present when A.L. made the disclosure to her mother. The record does not provide specifics as to exactly what A.L. told her mother or the counselor; rather, the record suggests A.L. spoke in generalities about inappropriate touching. Additionally, A.L. also reported the sexual abuse to her grandmother and father. But like the disclosure to her mother and school counselor, it appears her disclosures were of a general nature, i.e., "touching."

The record shows that approximately ten days after A.L. met with the school counselor and her mother, C.G. informed her aunt, an SAPD detective, about A.L.'s disclosure. The aunt contacted SAPD and Officer Ramiro Martinez was dispatched to the school. The officer testified

that when he arrived, A.L. and a school staff member were in the library. Officer Martinez spoke with A.L., who he testified was eleven years old. According to his testimony, A.L. did not name the perpetrator, but described him. A.L. was more specific about the abuse when she spoke to the officer. The officer stated A.L. reported digital-genital penetration, but no genital-genital penetration or anal penetration. Officer Martinez reported the matter to Child Protective Services. It appears A.L. spoke to someone at CPS, but the record does not establish what A.L. said with regard to the sexual abuse.

Testimony showed that the month after her general disclosures to her mother and Gil, A.L. was interviewed by Mary Eileen McCourt, who at the time was a Bexar County forensic interviewer. McCourt testified that during the interview, A.L. provided a detailed description of the sexual abuse committed by Lopez. Unlike her prior disclosures, A.L. described: (1) genital-anal penetration (Lopez placing his penis in A.L.'s anus); and genital-genital penetration (Lopez placing his penis in A.L.'s vagina). A.L. told McCourt that Lopez removed her clothing below the waist and removed his clothing as well. She described how Lopez climbed on top of her, as well as the "movement with the penis on her genitalia." A.L. told McCourt about the pain she felt when Lopez placed his penis inside her vagina. A.L. also told McCourt her belief that Lopez began penetrating her anally because she told her grandmother she was experiencing vaginal pain. Although she apparently told her grandmother about her pain, she did not tell her what had caused it.

Lopez was arrested and charged with continuous sexual abuse of a child and indecency with a child. After considering the evidence, arguments of counsel, and the court's charge, the jury found Lopez guilty of both offenses. When pronouncing sentence in open court, the trial court stated it was assessing forty years' confinement for the offense of continuous sexual abuse of a child and twelve years' confinement for the offense of indecency with a child. However, in its

written judgments, the trial court sentenced Lopez to forty years' confinement for each offense. After rendition of judgment, Lopez perfected this appeal.

## ANALYSIS

As set out above, Lopez raises two issues on appeal. First, he contends the trial court erred by allowing McCourt to testify as an outcry witness. Second, Lopez asserts the judgment must be modified to accurately reflect the sentence imposed in open court with regard to the conviction for indecency with a child.

### *Propriety of McCourt as Outcry Witness*

Lopez first challenges the trial court's decision to allow McCourt to testify as an outcry witness. Within this contention, Lopez argues the trial court should not have permitted McCourt to testify as an outcry witness because: (1) she was not the first person to whom A.L. disclosed the sexual abuse perpetrated by Lopez; rather, A.L.'s statements to Gil — who was also listed by the State as an outcry witness — and A.L.'s mother preceded those made to McCourt; and (2) the statements made by A.L. to McCourt were not reliable based on time, content, and circumstances as required by article 38.072 of the Texas Code of Criminal Procedure.

### *Standard of Review*

A trial court has broad discretion in determining the admissibility of outcry statements. *Marquez v. State*, 165 S.W.3d 741, 746 (Tex. App.—San Antonio 2005, pet. ref'd) (citing *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990)). Thus, we review a trial court's decision regarding the admissibility of outcry statements for an abuse of discretion. *Mireles v. State*, 413 S.W.3d 98, 103 (Tex. App.—San Antonio 2013, pet. ref'd), *abrogated on other grounds*, *Meadows v. State*, 455 S.W.3d 166 (Tex. Crim. App. 2015); *Marquez*, 165 S.W.3d at 746; *see generally Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000) (holding appellate court reviewing trial court ruling on admissibility of evidence must use abuse-of-discretion standard of

review). We will uphold a trial court ruling on the admissibility of evidence if it is within the zone of reasonable disagreement. *Weatherred*, 15 S.W.3d at 542.

*Application*

As noted above, Lopez first argues the trial court erred in allowing McCourt to testify as an outcry witness because she was not the first person to whom A.L. disclosed the sexual abuse. Article 38.072 of the Texas Code of Criminal Procedure allows the admission of a hearsay statement made to an outcry witness by certain abuse victims, including children under the age of fourteen who are victims of a sexual offense. TEX. CODE CRIM. PROC. ANN. art. 38.072; *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011). Article 38.072, also known as the "outcry statute," applies only to statements made: (1) by the child against whom the offense was allegedly committed, and as is pertinent here, (2) *to the first person, eighteen years of age or older, to whom the child made a statement about the offense. See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a) (emphasis added); *Mireles*, 413 S.W.3d at 103. The statement must be "more than words which give a general allusion that something in the area of child abuse is going on[.]" *Lopez*, 343 S.W.3d at 140 (quoting *Garcia*, 792 S.W.2d at 91); *see Mireles*, 413 S.W.3d at 103. The statement "must be made in some discernable manner and is event-specific rather than person-specific." *Lopez*, 343 S.W.3d at 140. Testimony from more than one outcry witness may be admissible if the witnesses testify about different events. *Lopez*, 343 S.W.3d at 140; *Mireles*, 413 S.W.3d at 103. To invoke the hearsay exception in article 38.072, the State must notify the defendant of the names of the outcry witnesses and provide a summary of their proposed testimony. *Lopez*, 343 S.W.3d at 140.

Based on A.L.'s disclosures, the State filed two separate notices of intent to present outcry statements made by A.L. *See id.* The first notice named school counselor Gil. Based on the attachment to the first notice, it was expected Gil would testify that A.L. told her and A.L.'s mother

that Lopez touched her "in her private area" and "would touch it." The second notice of intent named McCourt as the outcry witness. The attachment to the notice naming McCourt stated it was expected that McCourt would testify that A.L. told her that Lopez "would touch her," "would put his private part in her butt," and "would put his penis and fingers inside of her vagina." When the State called McCourt to testify, Lopez's trial counsel objected, stating McCourt was "the fifth or sixth person [A.L.] made a statement to about these alleged incidences. And so as the fifth person that the child has spoken to, I don't believe that she qualifies as the outcry witness because it wasn't the outcry."

As set out above, the record does not include specifics with regard A.L.'s initial disclosures to her counselor, mother, father, and grandmother. Rather, the record suggested her statements to these individuals consisted of general statements about "touching." However, in her disclosure to McCourt, A.L. described sexual abuse other than inappropriate touching. She described sexual abuse never previously disclosed including genital-anal penetration and genital-genital penetration. A.L. also told McCourt — contrary to her other general "touching" disclosures — that Lopez removed her clothing below the waist and removed his clothing as well. She described how Lopez climbed on top of her, as well as the "movement with the penis on her genitalia." A.L. told McCourt about the pain she felt when Lopez placed his penis inside her vagina. Thus, A.L.'s disclosure to McCourt included different specific events of sexual abuse by Lopez. *See Lopez*, 343 S.W.3d at 140.

Based on the evidence in the record regarding events disclosed by A.L. to Gil and others and those disclosed to McCourt, the trial court could have, in its discretion, concluded Gil and McCourt testified about different events — general touching versus specific acts of sexual abuse including penetration. *See Lopez*, 343 S.W.3d at 140; *Mireles*, 413 S.W.3d at 103. Accordingly,

we cannot say the trial court abused its discretion by allowing both Gil and McCourt to testify as outcry witnesses. *See Lopez*, 343 S.W.3d at 140; *Mireles*, 413 S.W.3d at 103.

Lopez also argues the statements made by A.L. to McCourt should not have been admitted because they were not reliable based on time, content, and circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(b)(2). However, we hold Lopez has not preserved this complaint for our review.

When the State called McCourt to testify, Lopez's trial counsel made the following objection:

> … I believe that there can only be one outcry witness and not multiple outcry witnesses. And so I believe that [McCourt] would have been the fifth or sixth person that the child made a statement to about these alleged incidences. And so as the fifth person that the child has spoken to, I don't believe that she qualifies as the outcry witness because it wasn't the outcry.

All other statements by Lopez's trial counsel with regard to McCourt's testimony also concerned her identity, i.e., whether she was a proper outcry witness based on A.L.'s prior disclosures to others.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017); *Gauna v. State*, 534 S.W.3d 7, 10 (Tex. App.—San Antonio 2017, no pet.). In other words, the complaining party must advise the trial court of what he wants and why, and he must do it in a way so that the trial court can understand it. *Gauna*, 534 S.W.3d at 10 (citing *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014)). Moreover, the complaint made on appeal must comport with the complaint made in the trial court, or the error is forfeited. *Gibson*, 541 S.W.3d at 166; *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).

Although the trial court held a hearing outside the presence of the jury, the only testimony and argument presented at the hearing concerned whether McCourt was the first person to whom A.L. made a disclosure about certain aspects of the sexual abuse allegations pursuant to article 38.072 § 2(a) so as to qualify as an outcry witness. There was no objection and no discussion about the reliability of A.L.'s statement to McCourt pursuant to article 38.072 § 2(b)(2). Rather, with regard to McCourt's testimony as the outcry witness, the only objection lodged by Lopez concerned her identity, i.e., whether she was the proper outcry witness. He made no objection based on the reliability of the statements made by A.L. to McCourt, and thus, his complaint is waived for failure to object. *See* TEX. R. APP. P. 33.1(a)(1); *Gibson*, 541 S.W.3d at 166; *Gauna*, 534 S.W.3d at 10. Furthermore, the trial objection concerned the identity of the actual outcry witness, but this portion of Lopez's appellate argument pertains to the reliability of the outcry statements made by A.L., which are separate issues. *Compare* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a), *with id.* art. 38.072 § 2(b)(2). Because the trial objection does not comport with Lopez's argument on appeal, it is waived for this reason as well.[2] *See Gibson*, 541 S.W.3d at 166.

Finally, even if error had been preserved, any error by the trial court in admitting McCourt's testimony based on an absence of reliability of A.L.'s statements was cured. "'An error, [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.'" *Gauna*, 534 S.W.3d at 10 (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)); *see* TEX. R. APP. P. 44.02(b) (stating nonconstitutional error is reversible only

---

[2] *See Herrera v. State*, Nos. 07-17-00166, 07-17-00167, & 07-17-00168, 2018 WL 1868124, at *2 (Tex. App.—Amarillo Apr. 18, 2018, no pet.) (mem. op., not designated for publication) (holding error not preserved where objection at trial related to identity of outcry witness and complaint on appeal pertained to reliability of outcry statement made by victim); *see also Creech v. State*, No. 05-09-00762-CR & 05-09-00763-CR, 2011 WL 1663040, at *3–*5 (Tex. App.—Dallas May 4, 2011, pet. ref'd) (holding that although defendant preserved complaint as to identify of proper outcry witness, he failed to object to outcry on basis of reliability, and therefore failed to preserve such issue for review).

if after examining record as whole, court concludes error had substantial influence on outcome).[3] In other words, if the same evidence previously objected to is admitted elsewhere without objection, any error is harmless. *See Lamerand*, 540 S.W.3d at 259 (holding erroneous admission of outcry testimony was harmless where same or similar evidence admitted without objection); *Zarco v. State*, 210 S.W.3d 816, 833 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (same).

A.L. testified without objection that Lopez touched her "front" with his private part, putting it inside of her "[a] little bit." Moreover, the report of the sexual assault nurse examiner was admitted without objection. Therein, the SANE reported that A.L. told her Lopez was "sticking himself inside of me." The report states A.L. told the SANE that Lopez put his "front private, in my behind." The foregoing testimony, which was admitted without objection, is essentially the same as that provided by McCourt. Thus, even if the alleged reliability error was preserved for appellate review, any error was harmless. *See Lamerand*, 540 S.W.3d at; *Zarco*, 210 S.W.3d at 833. Accordingly, we overrule Lopez's first issue.

### *Modification of Judgment as to Punishment*

In his second issue, Lopez contends this court must modify the judgment to reflect the proper sentence with regard to his conviction for indecency with a child. The State concedes this issue, and we agree the judgment with regard to the indecency with a child offense must be modified.

The jury recommended a sentence of twelve years based on its finding of guilt with regard to the offense of indecency with a child. When orally pronouncing sentence for this offense, the trial judge stated: "I assess punishment at 40 years confinement in [sic] Count 1 and 12 years confinement in [sic] Count 2." The indictment shows Count I charged Lopez with continuous

---

[3] The improper admission of hearsay testimony under article 38.072 is non-constitutional error. *Lamerand v. State*, 540 S.W.3d 252, 259 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd).

sexual abuse of a child; Count II charged Lopez with indecency with a child. Thus, the trial court orally pronounced that Lopez was to serve twelve years for the offense of indecency with a child.

The judgment, including the sentence, is merely the written embodiment of the trial court's oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. *Id.* When this situation arises, as it has here, the proper resolution is to reform or modify the written judgment to conform with the oral pronouncement. *See id.* Accordingly, we sustain Lopez's second issue and order the judgment relating to Count II of the indictment — the offense of indecency with a child — modified to reflect a sentence of twelve years. *See id.*

## CONCLUSION

Based on the foregoing, we affirm in its entirety the trial court's judgment with regard to the offense of continuous sexual abuse of a child. As to the trial court's judgment relating to the offense of indecency with a child, we order that judgment modified to reflect the imposition of a sentence of twelve years. As modified, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish