

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00835-CR

Jesus **GONZALEZ-GALLEGOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR6182
Honorable Frank J. Castro, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: March 3, 2021

AFFIRMED

Jesus Gonzalez-Gallegos appeals his underlying criminal conviction and asserts he is entitled to either an acquittal or a new trial because the search of his vehicle was illegal. We affirm.

### BACKGROUND

On the evening of March 4, 2019, San Antonio Police Sergeant David Acosta ran the license plate of a vehicle traveling in front of him. Upon learning the license plate showed an expired registration and outstanding traffic warrants, Acosta stopped the vehicle, which was being driven by Gonzalez-Gallegos. After Acosta confirmed Gonzalez-Gallegos was the individual

named in the warrants, he placed Gonzalez-Gallegos in handcuffs and seated him in the rear seat of the patrol car. Because Acosta smelled marijuana coming from inside the vehicle, Acosta conducted a search of the vehicle and found a vape pen that field-tested positive for THC. Gonzalez-Gallegos was later charged with and convicted by a jury of possession of a controlled substance.

## ANALYSIS

On appeal, Gonzalez-Gallegos contends the search of his vehicle was illegal. However, Gonzalez-Gallegos did not raise this issue at trial. Instead, Gonzalez-Gallegos argued there was no reasonable suspicion to stop his vehicle and the traffic stop was, therefore, illegal. In response, the State argues Gonzalez-Gallegos waived his argument on appeal because his objection at trial does not comport with the argument he raises here. We agree with the State.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1)(A); *Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017); *Gauna v. State*, 534 S.W.3d 7, 10 (Tex. App.—San Antonio 2017, no pet.). In other words, the complaining party must advise the trial court of what he wants and why, and he must do so in a manner that allows the trial court to understand the complaint. *Gauna*, 534 S.W.3d at 10. If the complaint made on appeal does not comport with the complaint made in the trial court, the complaint is not preserved for consideration on appeal. *Gibson*, 541 S.W.3d at 166; *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).

Gonzales-Gallegos did not contest the legality of the search of his vehicle at trial. Therefore, we conclude Gonzalez-Gallegos did not preserve this complaint on appeal.

## CONCLUSION

We overrule Gonzalez-Gallegos's sole issue on appeal and affirm the trial court's judgment.

Lori I. Valenzuela, Justice

Do not publish